# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 2:21-CV-213-JRG (Lead Case) |
| TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |
| GODO KAISHA IP BRIDGE 1, | § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 2:21-CV-215-JRG (Member Case) |
| NOKIA CORPORATION, NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORPORATION, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

## GODO KAISHA IP BRIDGE 1'S MOTION TO STRIKE
## NOKIA'S AFFIRMATIVE DEFENSES

## **TABLE OF CONTENTS**

Page(s)

I. FACTUAL BACKGROUND ................................................................................................ 2

    A. Nokia's Affirmative Defenses ................................................................................ 2

II. LEGAL STANDARD .......................................................................................................... 3

    A. Standard for Motion to Strike Affirmative Defenses ............................................. 3

III. ARGUMENT ........................................................................................................................ 5

    A. Nokia's Fifth, Eighth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses Are Mere Denials of Case Elements, Not Affirmative Defenses ............ 5

    B. Nokia's Sixth, Seventh, and Sixteenth Affirmative Defenses Are Nothing More than Alleged Limitations on Damages and Are, Thus, Not Affirmative Defenses as a Matter of Law ................................................................. 7

    C. Nokia's Third, Fourth, Thirteenth, and Seventeenth Affirmative Defenses Fail To Satisfy the Pleading Requirements ............................................................. 9

IV. CONCLUSION ................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Cardiovasuclar Sys., Inc. v. Medtronic, Inc.*,
   No. C-95-3577, 1996 WL 467293 (N.D. Cal. July 24, 1996) .........................................4, 9, 10

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017).....................................................................................1, 4, 7, 8

*Bradford Co. v. Jefferson Smurfit Corp.*,
   No. 2000-1511, 2001 WL 35738792 (Fed. Cir. Oct. 31, 2001).........................................1, 4, 8

*Eon Corp. IP Holdings, LLC v. Landis+Gyr Inc.*,
   No. 6:11-cv-317, 2013 WL 12040726 (E.D. Tex. May 17, 2013) ...........................................10

*Horizon AG-Prods., Inc. v. Verdesian Life Scis., U.S., LLC*,
   No. 3:19-cv-722, 2020 WL 10895447 (N.D. Tex. Mar. 5, 2020)............................................12

*J & J Sports Prods., Inc. v. Walla*,
   No. 10- 5136, 2011 WL 1134458 (N.D. Cal. Mar. 28, 2011) ....................................................7

*Joe Hand Promotions, Inc. v. Izalco, Inc.*,
   No. H-16-3696, 2017 WL 3130581 (S.D. Tex. July 24, 2017) ................................................12

*Lauter v. Anoufrieva*,
   No. CV 7-6811, 2011 WL 13182875 (S.D. Cal. June 28, 2011)................................................7

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*,
   No. 20-cv-7905, 2021 WL 2953237 (N.D. Cal. July 14, 2021) ................................................7

*Motorola, Inc. v. United States*,
   729 F.2d 765 (Fed. Cir. 1984).................................................................................................4, 7

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
   No. 2:15-cv-1366-JRG, 2021 WL 357495 (E.D. Tex. Feb. 2, 2021) ..................................4, 10

*SecurityProfiling, LLC v. Trend Micro Am., Inc.*,
   No. 6:16-cv-1165, 2017 WL 5150682 (E.D. Tex. Mar. 21, 2017) ................................. *passim*

*Solis v. Zenith Capital, LLC*,
   No. C 8-4854, 2009 WL 1324051 (N.D. Cal. May 8, 2009) ...................................................12

*Sonos, Inc. v. D&M Holdings Inc.*,
   No. 14-1330, 2016 WL 4249493 (D. Del. Aug. 10, 2016)............................................4, 9, 10

*Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*,
   No. 2:15-cv-1838, 2016 WL 7042232 (E.D. Tex. Apr. 6, 2016) (Gilstrap, J.) ............... *passim*

*VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co.*,
   No. 11-288, 2011 WL 6820122 (D. Haw. Dec. 27, 2011) ......................................................4, 9

*Vogel v. Huntington Oaks Delaware Partners, LLC*,
   291 F.R.D. 438 (C.D. Cal. 2013) ................................................................................................12

*Woodfield v. Bowman*,
   193 F.3d 354 (5th Cir. 1999) ....................................................................................... *passim*

**Statutes**

35 U.S.C. § 284 ......................................................................................................................................8

35 U.S.C. § 286 ...............................................................................................................................1, 7, 8

35 U.S.C. § 287 ...............................................................................................................................1, 7, 8

35 U.S.C. § 288 ...............................................................................................................................1, 7, 8

**Other Authorities**

Fed. R. Civ. P. 8(a) ................................................................................................................9, 10, 12

Fed. R. Civ. P. 8(c) .........................................................................................................................12

Fed. R. Civ. P. 9(b) ................................................................................................................2, 4, 9, 10

Fed. R. Civ. P. 12(f) ............................................................................................................... *passim*

Fed. R. Civ. P. 15 ...........................................................................................................................12

Plaintiff Godo Kaisha IP Bridge 1 ("IP Bridge") hereby moves pursuant to Rule 12(f), Fed. R. Civ. P., to strike Defendants Nokia Solutions and Networks Oy and Nokia of America Corporation's (collectively, "Nokia") Third through Eighth, Eleventh through Fourteenth, Sixteenth, and Seventeenth Affirmative Defenses. As this Court has found previously, these are not proper affirmative defenses, have not been properly pled, and do not provide IP Bridge with fair and sufficient explanation regarding the basis for each such defense. Indeed, IP Bridge should not have to expend its limited discovery inquiring about defenses for which there is no apparent basis in fact. Rule 12(f) requires that each of these affirmative defenses be stricken.

First, Nokia's purported Fifth, Eighth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses are not affirmative defenses, but rather mere denials (devoid of *any* factual support) of specific elements of IP Bridge's *prima facie* case, such as IP Bridge's standing to bring suit, its statement of a claim, and its entitlement to injunctive relief. As matter of law, these are not proper affirmative defenses. *See Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 2:15-cv-1838, 2016 WL 7042232, at *1 (E.D. Tex. Apr. 6, 2016) (Gilstrap, J.).

Moreover, Nokia's purported Sixth, Seventh, and Sixteenth Affirmative Defenses are improper affirmative defenses, because each is an attempt to limit IP Bridge's damages under various theories, including under Sections 286, 287, and 288. The Federal Circuit has held that this part of the Patent Statute does not provide for such an affirmative defense. *See, e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("Section 287 is thus a limitation on damages, and not an affirmative defense."); *Bradford Co. v. Jefferson Smurfit Corp.*, No. 2000-1511, 2001 WL 35738792, at *9–10 (Fed. Cir. Oct. 31, 2001) ("35 U.S.C. § 286 is not an affirmative defense").

Finally, Nokia's Third, Fourth, Thirteenth, and Seventeenth Affirmative Defenses are

improper, because Nokia has failed to plead unclean hands and patent misuse with particularity, as required by Rule 9(b), Fed. R. Civ. P., nor has it provided *any* facts, no less facts sufficient to provide IP Bridge with notice of the basis for any of these alleged defenses.  *See SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-cv-1165, 2017 WL 5150682, at *2, *7 (E.D. Tex. Mar. 21, 2017) (Love, M.J.), *adopted*, 2017 WL 1950810 (E.D. Tex. May 11, 2017) (Schroeder, J.).

Accordingly, the Court should strike each of Nokia's improper Third through Eighth, Eleventh through Fourteenth, Sixteenth, and Seventeenth Affirmative Defenses under Rule 12(f).

## I.     FACTUAL BACKGROUND

### A.     Nokia's Affirmative Defenses

IP Bridge filed its Complaint on June 11, 2021, alleging that Nokia infringes claims of U.S. Patent Nos. 7,372,909 ("the '909 Patent"); 8,787,275 ("the '275 Patent"); 9,769,820 ("the '820 Patent"); 8,085,724 ("the '724 Patent"); 8,077,594 ("the '594 Patent"); 8,385,239 ("the '239 Patent"); 8,526,546 ("the '546 Patent"); and 9,137,000 ("the '000 Patent") (collectively, the "Asserted Patents").  Dkt. No. 1.  On September 13, 2021, Nokia filed its Answer to the Complaint.  *See* Dkt. No. 23.

As relevant to this Motion, on September 13, 2021, Nokia asserted the following Affirmative Defenses:  Third (Prosecution History Estoppel), Dkt. No. 23 at 22 (¶ 17); Fourth (Equitable Defenses), Dkt. No. 23 at 22 (¶ 18); Fifth (No Equitable Entitlement to Injunctive Relief), Dkt. No. 23 at 22 (¶ 19); Sixth (Statutory Limitations on Damages), Dkt. No. 23 at 23 (¶ 20); Seventh (No Willful Infringement), Dkt. No. 23 at 23 (¶ 21); Eighth (Failure to State a Claim), Dkt. No. 23 at 23 (¶ 22); Eleventh (Acts of Others), Dkt. No. 23 at 24 (¶ 25); Twelfth (No Causation), Dkt. No. 23 at 24 (¶ 26); Thirteenth (Patent Misuse), Dkt. No. 23 at 24 (¶ 27); Fourteenth (Standing), Dkt. No. 23 at 24 (¶ 28); Sixteenth (Contractual Limitations on Damages

2

- FRAND), Dkt. No. 23 at 24 (¶ 30); Seventeenth (Reservation of Defenses), Dkt. No. 23 at 25 (¶ 31).

## II.  LEGAL STANDARD

### A.  Standard for Motion to Strike Affirmative Defenses

Federal Rule of Civil Procedure 12(f) "creates a clear mechanism for the court to save time and expense by eliminating insufficient defenses from the pleadings when those items lack merit or are otherwise unavailing." *Twin Rivers*, 2016 WL 7042232, at *1 (citing *Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). A Rule 12(f) motion to strike an affirmative defense "is proper when the defense is insufficient as a matter of law." *Id.* (quoting *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).

"To find that a defense is insufficient as a matter of law, the Court considers whether the defense is applicable to the instant case and whether the pleadings give plaintiff fair notice of the defense." *Twin Rivers*, 2016 WL7042232, at *1 (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)); *see also SecurityProfiling*, 2017 WL 5150682, at *7 (citing *Campmed Cas. & Indem. Co. v. Specialists on Call, Inc.*, No. 4:16-cv-452, 2017 WL 373463, at *3 (E.D. Tex. Jan. 26, 2017)). Under the *Woodfield* standard, "[t]he 'fair notice' pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362.

"[T]he Court may strike purported affirmative defenses . . . under Rule 12(f) on the ground that they are not affirmative defenses at all, but mere denials of an element of the plaintiff's *prima facie* case." *Twin Rivers*, 2016 WL 7042232, at *1 (citing *Fed. Trade Comm'n v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008)).

Moreover, an alleged limitation on damages is not a proper affirmative defense. *See*

3

*Arctic Cat*, 876 F.3d at 1366; *Motorola, Inc. v. United States*, 729 F.2d 765, 770 (Fed. Cir. 1984); *Bradford*, 2001 WL 35738792, at *9–10.

While "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient," in others this "falls well short of the minimum particulars needed to identify the affirmative defense in question and thus notify [the plaintiff of the defendant's] intention to rely on the specific . . . defense." *Woodfield*, 193 F.3d at 362.  In particular, district courts have stated that the defenses of unclean hands and patent misuse are subject to the heightened pleading standards of Rule 9(b) to the extent they rely on allegations of inequitable conduct and/or fraud.  *See*, *e.g.*, *Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330, 2016 WL 4249493, at *5 (D. Del. Aug. 10, 2016) ("Because an element of unclean hands is based in fraud, the defense must be pled with particularity under [Rule] 9(b)."); *VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co.*, No. 11-288, 2011 WL 6820122, at *7 (D. Haw. Dec. 27, 2011) (collecting cases) ("[T]he Court agrees with several courts' holdings that to the extent a patent misuse claim rests on allegations of inequitable conduct, that claim must be pleaded with particularity under Rule 9(b)."); *Advanced Cardiovasuclar Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577, 1996 WL 467293, at *13 (N.D. Cal. July 24, 1996) ("To the extent that defendant's affirmative defense for unclean hands and patent misuse rests on allegations of inequitable conduct before the PTO, defendant must plead these defenses with the specificity required under Rule 9(b).").  In essence, Rule 9(b) requires "the who, what, when, where, and how" of the fraud [or inequitable conduct] to be stated in the operative pleading." *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-cv-1366-JRG, 2021 WL 357495, at *3 (E.D. Tex. Feb. 2, 2021) (Payne, M.J.) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)).

4

**III.     ARGUMENT**

Certain of Nokia's purported affirmative defenses should be stricken pursuant to Rule 12(f) because they (1) are mere denials of an element of IP Bridge's *prima facie* case; (2) serve only as a limitation on damages; or (3) plainly fail to satisfy the pleading requirements. Indeed, each of Nokia's affirmative defenses contains no supporting facts or details that give IP Bridge fair and sufficient notice of what is being pled and should be stricken.

**A.     Nokia's Fifth, Eighth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses Are Mere Denials of Case Elements, Not Affirmative Defenses**

Nokia's Fifth (No Equitable Entitlement to Injunctive Relief), Eighth (Failure to State a Claim), Eleventh (Acts of Others), Twelfth (No Causation), and Fourteenth (Standing) Affirmative Defenses are not affirmative defenses. Instead, they are mere denials of specific elements of IP Bridge's *prima facie* case, which does not create an affirmative defense. *See Twin Rivers*, 2016 WL 7042232, at *1 (citing *Fed. Trade Comm'n*, 564 F. Supp. 2d at 665–66) (striking affirmative defenses "on the ground that they are not affirmative defenses at all, but mere denials of an element of the plaintiff's *prima facie* case."). Moreover, the Court should also strike each of these defenses for failing to provide IP Bridge with fair and sufficient notice under the *Woodfield* standard. As pled, Nokia "merely names the [purported] affirmative defenses without providing *any* additional detail to give [IP Bridge] fair notice" of the defenses. *SecurityProfiling*, 2017 WL 5150682, at *7 (emphasis added).

For example, Nokia's Fourteenth Affirmative Defense (Standing) improperly alleges only that "[t]o the extent IP Bridge was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, IP Bridge lacks standing to bring one or more claims in this lawsuit." Dkt. No. 23 at 24 (¶ 28). This assertion provides no factual support or fair notice to IP Bridge why it does not own any asserted patent and the defense "must

5

be stricken because it is not an affirmative defense."[1]  *SecurityProfiling*, 2017 WL 5150682, at *8.

Similarly, Nokia's Eighth Affirmative Defense (Failure to State a Claim) alleges only that "IP Bridge's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted."  Dkt. No. 23 at 23 (¶ 22).  But "failure to state a claim" is categorically "not a proper affirmative defense."  *SecurityProfiling*, 2017 WL 5150682, at *6 (citing *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010)).

Nokia's Fifth Affirmative Defense (No Equitable Entitlement to Injunctive Relief) is similarly flawed, as it alleges only that "IP Bridge is not entitled to injunctive relief under any theory . . . because any alleged injury to IP Bridge is not immediate or irreparable, IP Bridge has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief."  Dkt. No. 23 at 22 (¶ 19).  This allegation amounts to a "mere denial [of the elements] of [IP Bridge's] *prima facie* case" for an injunction, without providing *any* factual assertions as to why injunctive relief is not available to IP Bridge, and should be stricken as well.  *See Twin Rivers*, 2016 WL 7042232, at *1.

Nokia's Eleventh Affirmative Defense (Acts of Others: Nokia is "not liable for the acts of others over whom it has no control," Dkt. No. 23 at 24 (¶ 25)) and Twelfth Affirmative Defense (No Causation: "IP Bridge's damages . . . were not caused by Nokia," Dkt. No. 23 at 24 (¶ 26)) fare no better.  Indeed, similar allegations have been stricken by other courts because they are

---

[1] As in *SecurityProfiling*, IP Bridge alleges that it is the owner by assignment of all of the Asserted Patents. *Compare SecurityProfiling*, 2017 WL 5150682, at *8, *with* Dkt. No. 1 at 1 (¶ 2).  And like the defendant in *SecurityProfiling*, Nokia has stated in its Answer that it "is without knowledge or information sufficient to form a belief as to the truth of the allegations" regarding IP Bridge's ownership of the Asserted Patents "and therefore denies them."  *Compare SecurityProfiling*, 2017 WL 5150682, at *8, *with* Dkt. No. 23 at 2 (¶ 2).  Then in its Fourteenth Affirmative Defense, Nokia, like the defendant in *SecurityProfiling*, merely suggests without factual support that "IP Bridge lacks standing to bright one or more claims in this suit," Dkt. No. 23 at 24 (¶ 28).  *See SecurityProfiling*, 2017 WL 5150682, at *8.

6

mere denials of case elements, not affirmative defenses. *See, e.g.*, *J & J Sports Prods., Inc. v. Walla*, No. 10- 5136, 2011 WL 1134458, at *2 (N.D. Cal. Mar. 28, 2011) (striking an "actions of others" defense, because it is "not an affirmative defense but rather a denial of an element of Plaintiff's cause of action"); *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-cv-7905, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021) ("'[N]o causation' is not a proper affirmative defense because it is also directed towards an element of plaintiff's prima facie case."); *Lauter v. Anoufrieva*, No. CV 7-6811, 2011 WL 13182875, at 4 (S.D. Cal. June 28, 2011) (citing *Barnes*, 718 F. Supp. 2d at 1173–74) ("[N]o causation" is not a proper affirmative defense, because it "merely restate[s] denial[] of liability or assert[s] that plaintiff cannot prove the elements of his claims."). In addition, these defenses fail to provide IP Bridge with fair and sufficient notice under the *Woodfield* standard, and should also by stricken by the Court.

> **B.  Nokia's Sixth, Seventh, and Sixteenth Affirmative Defenses Are Nothing More than Alleged Limitations on Damages and Are, Thus, Not Affirmative Defenses as a Matter of Law**

Nokia's Sixth (Statutory Limitations on Damages), Seventh (No Willful Infringement), and Sixteenth (Contractual Limitations on Damages - FRAND) Affirmative Defenses should be stricken because each merely attempts to limit Nokia's damages and fails to provide IP Bridge with fair notice of the defense. *See Arctic Cat*, 876 F.3d at 1366 (limitation on damages is not an affirmative defense); *Motorola*, 729 F.2d at 770 (same); *Twin Rivers*, 2016 WL 7042232, at *1 (citing *Woodfield*, 193 F.3d at 362 (affirmative defense must be pled to give plaintiff fair notice of defense)).

For example, Nokia's Sixth Affirmative Defense (Statutory Limitations on Damages) alleges only that IP Bridge's claim for relief is limited by certain statutory provisions, including 35 U.S.C. §§ 286, 287, and 288. Dkt. No. 23 at 23 (¶ 20). But *Artic Cat* is explicit that "Section 287 is . . . a limitation on damages, and not an affirmative defense." 876 F.3d at 1366. And

7

Sections 286 (time limitation on damages) and 288 (no costs where patent is invalid, absent disclaimer) fare no better.  *See id.*; *Bradford*, 2001 WL 35738792, at *9–10.

Similarly, Nokia's Seventh Affirmative Defense (No Willful Infringement) alleges in part[2] that "IP Bridge is not entitled to enhanced *damages* under 35 U.S.C. § 284 because IP Bridge has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement."  Dkt. No. 23 at 23 (¶ 21) (emphasis added).  And, Nokia's Sixteenth Affirmative Defense (Contractual Limitations on Damages – FRAND) alleges that "IP Bridge's claims for *monetary relief* may be limited by its obligation to license the Asserted Patents on fair, reasonable, and non-discriminatory terms."  Dkt. No. 21 at 24 (¶ 30) (emphasis added).  To the extent Nokia's willfulness and FRAND defenses seek to limit the damages that IP Bridge is entitled to, they are improper limitations on damages.  As such, like the Sixth Affirmative Defense, Nokia's Seventh and Sixteenth defenses are mere attempts to limit IP Bridge's damages and should similarly be stricken.  *See Arctic Cat*, 876 F.3d at 1366.

Moreover, like the other purported defenses, Nokia has also failed to plead *any* facts supporting these defenses and fails to satisfy the *Woodfield* standard.  For example, Nokia's Sixth Affirmative Defense is even sparser than the sixth affirmative defense stricken in *SecurityProfiling*,[3] which further averred that "the relief sought by [the plaintiff] [wa]s barred or limited in whole or in part by the failure to mark, by [the plaintiff] or by one or more parties licensed or otherwise authorized to practice the Asserted Patents."  *Id*.  Similarly, in its Sixteenth

---

[2] Nokia's Seventh Affirmative Defense (No Willful Infringement) also alleges "IP Bridge has failed to state a claim for willful infringement for failing to identify any pre-suit factual basis that Nokia had actual knowledge of or was willfully blind to the Asserted Patents or Nokia's alleged infringement."  Dkt. No. 23 at 23 (¶ 21).  However, "failure to state a claim" is categorically "not a proper affirmative defense," and the remainder of this defense should be stricken also.  *SecurityProfiling*, 2017 WL 5150682, at *6 (citing *Barnes*, 718 F. Supp. 2d at 1174).

[3] "54. On information and belief, the relief sought by SecurityProfiling is barred or limited in whole or in part by the failure to mark, by SecurityProfiling or by one or more parties licensed or otherwise authorized to practice the Asserted Patents, as required by 35 U.S.C. § 287."  2017 WL 5150682, at *7.

8

Affirmative Defense, Nokia fails to identify any alleged behavior that purportedly violated IP Bridge's obligation to license the Asserted Patents on FRAND terms.

Accordingly, the Court should strike Nokia's Sixth, Seventh, and Sixteenth Affirmative Defenses pursuant to Rule 12(f) as improper affirmative defenses and inadequate as a matter of law under the *Woodfield* standard.

### C. Nokia's Third, Fourth, Thirteenth, and Seventeenth Affirmative Defenses Fail To Satisfy the Pleading Requirements

Nokia's Third (Prosecution History Estoppel), Fourth (Equitable Defenses), Thirteenth (Patent Misuse), and Seventeenth (Reservation of Defenses) Affirmative Defenses are improper because Nokia failed to plead patent misuse and unclean hands with particularity, as required by Rule 9(b), or even provide IP Bridge with fair notice of each defense under Rule 8(a) and, therefore, has failed to satisfy the *Woodfield* standard. *See Twin Rivers*, 2016 WL 7042232, at *1; *Advanced Cardiovasuclar Sys.*, 1996 WL 467293, at *13.

Nokia's Thirteenth Affirmative Defense (Patent Misuse) alleges only that "IP Bridge's claims are barred, in whole or in part, by the defense of patent misuse." Dkt. No. 23 at 24 (¶ 27). Nokia's Fourth Affirmative Defense (Equitable Defenses) alleges only that "IP Bridge's claims are barred, either in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands." Dkt. No. 23 at 22 (¶ 18). These bare, conclusory assertions fail to satisfy even the basic requirements of Rule 8(a), much less the heightened pleading requirements of Rule 9(b) for pleading patent misuse and unclean hands. *See Sonos*, 2016 WL 4249493, at *5 (unclean hands must be pled with particularity under Rule 9(b)); *VDF FutureCeuticals*, 2011 WL 6820122, at *7 (patent misuse claim resting on allegations of inequitable conduct must be pled with particularity under Rule 9(b)); *Advanced Cardiovasuclar Sys.*, 1996 WL 467293, at *13 (affirmative defenses for unclean hands and patent misuse resting on allegations of inequitable conduct before the PTO

9

must be pled with specificity required under Rule 9(b)). Indeed, Nokia has not pled a single fact to even permit the Court or IP Bridge to evaluate the basis for its assertion and whether it is based on allegations of fraud or inequitable conduct, thereby failing to satisfy even the basic pleading requirements of Rule 8(a).

Indeed, Nokia has not alleged basic facts for its misuse allegation, including any facts suggesting that IP Bridge "engage[d] in conduct that impermissibly broadens a patent's physical or temporal scope with anticompetitive effect." *Personalized Media Commc'ns*, 2021 WL 357495, at *3 (citing *Eon Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, No. 6:11-cv-317, 2013 WL 12040726, at *2 (E.D. Tex. May 17, 2013) (Love, M.J.), *adopted*, 2013 WL 12044954 (E.D. Tex. July 30, 2013) (Davis, J.)). Because Nokia "fail[ed] to demonstrate, or allow the Court to infer, that [IP Bridge] has broadened the 'temporal or physical scope' of the patents-in-suit" its misuse defense should be stricken. *See Eon Corp.*, 2013 WL 12040726, at *4. And for similar reasons, the Court should strike Nokia's unclean hands defense, because it has failed to allege any inequitable behavior related to the subject matter of IP Bridge's infringement claims to even satisfy the basic requirements of Rule 8(a), let alone the heightened pleading requirements of Rule 9(b). *See Twin Rivers*, 2016 WL 7042232, at *1; *Sonos*, 2016 WL 4249493, at *5; *Advanced Cardiovasuclar Sys.*, 1996 WL 467293, at *13.

Nokia has also failed to plead *any* facts to support the remainder of its alleged equitable defenses and therefore has failed to satisfy the *Woodfield* standard. *See Twin Rivers*, 2016 WL 7042232, at *1; *see also SecurityProfiling*, 2017 WL 5150682, at *7. Indeed, this Court in *Twin Rivers* struck a similarly bare affirmative defense covering "laches, waiver, estoppel, and acquiescence" that, like Nokia's defenses, was only supported by "a single, conclusory

sentence."[4]  2016 WL 7042232, at *1.  As the Court found, "[t]his broad and generic recitation of equitable defenses does not recite *any* facts as to how Plaintiff's conduct gives rise to any of such defenses."  *Id*. (emphasis added).  And in striking a similar set of defenses in *SecurityProfiling*,[5] Magistrate Judge Love held that the affirmative defense fell "well short of the minimum particulars needed to identify the affirmative defense in question."  2017 WL 5150682, at *7 (quoting *Twin Rivers*, 2016 WL 7042232, at *1).  Nokia's equitable defenses should be stricken on this basis.

Similarly, Nokia failed to provide *any* factual support for its allegation in the Third Affirmative Defense (Prosecution History Estoppel) that "IP Bridge is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused products/instrumentalities or service alleged to infringe those patents," despite having more than 80 days between service of the complaint and the filing of its answer (or during the parties' prior multi-year negotiations) to investigate any potential estoppel resulting from the prosecution of the Asserted Patents.  Dkt. No. 23 at 22 (¶ 17).  Nokia's defense fails to provide even the most basic information, such as the claims of the Asserted Patents that Nokia contends are limited by the doctrine of prosecution history estoppel, any statements made by the patentees during the prosecution of the applications leading to the Asserted Patents, or why any such statements could somehow give rise to prosecution history estoppel.  Nokia's allegations therefore fail to "give [IP Bridge] fair notice of the defense[]" and do not satisfy the *Woodfield* standard.  *See Twin Rivers*, 2016 WL 7042232, at *1;

---

[4] "[Plaintiff] is barred in whole or in part from asserting the '993 patent against Fieldpiece under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence."  2016 WL 7042232, at *1.

[5] "60. SecurityProfiling's claims . . . regarding the Asserted Patents are barred, in whole in part, by the equitable doctrines of waiver, estoppel, claim preclusion, laches, and/or unclean hands."  2017 WL 5150682, at *7.

11

*see also SecurityProfiling*, 2017 WL 5150682, at *7.

And, in its Seventeenth Affirmative Defense, Nokia attempts to "reserve[] all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future . . . ." Dkt. No. 23 at 25 (¶ 31). However, "[a] party cannot reserve the right to assert other affirmative defenses in the future. Rather, for a defendant to add an affirmative defense, the defendant must amend its pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *3 (S.D. Tex. July 24, 2017). Moreover, this improper defense[6] fails to provide IP Bridge with *any* notice—let alone fair notice—of the nature of the *unnamed* future defenses. *Id.* (citing *Woodfield*, 193 F.3d at 362) (striking a "reservation defense" because "[u]nnamed future defenses are, by definition, beyond the cognizance of the opposing party, because they are devoid of *any* articulation at all.") (emphasis added); *Horizon AG-Prods., Inc. v. Verdesian Life Scis., U.S., LLC*, No. 3:19-cv-722, 2020 WL 10895447 (N.D. Tex. Mar. 5, 2020) (citing *Woodfield*, 193 F.3d at 262) (striking a "reservation defense" and stating defendant "cites no authority that it can take the Court's power to rule on a later motion for leave to add an affirmative defense and keep that power to itself.").

Accordingly, the Court should strike the Third, Fourth, Thirteenth, and Seventeenth Affirmative Defenses pursuant to Rule 12(f) for failing to satisfy the pleading requirements of Rule 8(a) and as inadequate as a matter of law under the *Woodfield* standard.

---

[6] A defense that "simply reserves the right to assert unspecified defenses later . . . is not a defense at all, affirmative or otherwise." *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013); *Solis v. Zenith Capital, LLC*, No. C 8-4854, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) ("An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself.").

## IV. CONCLUSION

For the foregoing reasons, the Court should strike each of Nokia's improper Third through Eighth, Eleventh through Fourteenth, Sixteenth, and Seventeenth Affirmative Defenses under Rule 12(f).

| | |
|---|---|
| Dated: October 4, 2021 | Respectfully submitted, |
| | /s/ *Melissa R. Smith* |
| Steven Pepe | Melissa R. Smith |
| (NY Bar No. 2810430) | **GILLAM & SMITH, LLP** |
| (Eastern District of Texas Member) | TX State Bar No. 24001351 |
| Kevin J. Post | 303 S. Washington Avenue |
| (NY Bar No. 4382214) | Marshall, Texas 75670 |
| (Eastern District of Texas Member) | Telephone: (903) 934-8450 |
| Alexander E. Middleton | Facsimile: (903) 934-9257 |
| (NY Bar No. 4797114) | melissa@gillamsmithlaw.com |
| (Eastern District of Texas Member) | |
| Matthew R. Shapiro | James R. Batchelder |
| (NY Bar No. 5102017) | (CA Bar No. 136347) |
| (Eastern District of Texas Member) | (Eastern District of Texas Member) |
| Lance W. Shapiro | Shong Yin |
| (NY Bar No. 5397955) | (CA Bar No. 319566) |
| (Eastern District of Texas Member) | (Eastern District of Texas Member) |
| **ROPES & GRAY LLP** | **ROPES & GRAY LLP** |
| 1211 Avenue of the Americas | 1900 University Avenue, 6th Floor |
| New York, NY 10036 | East Palo Alto, CA 94303-2284 |
| Telephone: (212) 596-9000 | Telephone: (650) 617-4000 |
| Facsimile: (212) 596-9090 | Facsimile: (650) 617-4090 |
| steven.pepe@ropesgray.com | james.batchelder@ropesgray.com |
| kevin.post@ropesgray.com | shong.yin@ropesgray.com |
| alexander.middleton@ropesgray.com | |
| matthew.shapiro@ropesgray.com | |
| lance.shapiro@ropesgray.com | |
| | |
| Samuel L. Brenner | *Attorneys for Plaintiff* |
| (MA Bar No. 677812) | GODO KAISHA IP BRIDGE 1 |
| (Eastern District of Texas Member) | |
| **ROPES & GRAY LLP** | |
| Prudential Tower | |
| 800 Boylston Street | |
| Boston, MA 02199-3600 | |
| Telephone: (617) 951-7000 | |
| Facsimile: (617) 951-7050 | |
| samuel.brenner@ropesgray.com | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 4, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on October 1, 2021, counsel for Plaintiff conferred with counsel for Defendants by telephone pursuant to Local Rule CV-7(h). Counsel for Defendants indicated that Defendants are opposed to this motion. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

Matthew R. Shapiro, Andrew T. Gorham, and James P. Stevens were in attendance for Plaintiff. David S. Frist was in attendance for Defendants.

*/s/Melissa R. Smith*
Melissa R. Smith