# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00213-JRG |
| | § | (LEAD CASE) |
| TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON, INC., | § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 2:21-CV-00215-JRG |
| | § | (MEMBER CASE) |
| NOKIA CORPORATION, NOKIA SOLUTIONS AND NETWORK OY, NOKIA OF AMERICA CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER FOCUSING PATENT CLAIMS AND PRIOR ART TO REDUCE COSTS

Before the Court is Godo Kaisha IP Bridge 1 and Defendants Telefonaktiebolaget LM Ericsson, Ericsson Inc., Nokia of America Corporation, and Nokia Solutions and Networks Oy's Joint Motion for Entry of Proposed Order Focusing Patent Claims and Prior Art (the "Motion"). (Dkt. No. 70). In the Motion, the parties request that the Court enter the attached and agreed Order Focusing Patent Claims and Prior Art to Reduce Costs (Dkt. No. 70-1).

Having considered the Motion, and in light of its joint nature, the Court finds that it should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

**Phased Limits on Asserted Claims and Prior Art References**

2. By February 17, 2022, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. By February 23, 2022, the patent defendants shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.[1]

3. By April 6, 2022, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. By April 13, 2022, the patent defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each anticipation challenge and each obviousness combination or assertion counts as a separate prior art reference.[2]

4. If the patent claimant asserts infringement of only one patent, all per-patent limits in this order are increased by 50%, rounding up.

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[2] Once an obviousness combination is elected, it cannot later be modified. For example, if A + B + C is elected, that combination cannot later be modified to be A + B, which would be a different combination.

**Modification of this Order**

5. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[3]

**So ORDERED and SIGNED this 17th day of February, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.