# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **GODO KAISHA IP BRIDGE 1,**<br><br>　　　**Plaintiff,**<br><br>　v.<br><br>**TELEFONAKTIEBOLAGET LM ERICSSON AND ERICSSON INC.,**<br><br>　　　**Defendants.** | Case No. 2:21-CV-213-JRG<br><br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| **GODO KAISHA IP BRIDGE 1,**<br><br>　　　**Plaintiff,**<br><br>　v.<br><br>**NOKIA CORPORATION, NOKIA SOLUTIONS AND NETWORKS OY, AND NOKIA OF AMERICA CORPORATION**<br><br>　　　**Defendants.** | Case No. 2:21-CV-215-JRG<br><br>**MEMBER CASE**<br><br>**JURY TRIAL DEMANDED** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE BY LETTERS ROGATORY TO THE JUDICIAL AUTHORITIES OF JAPAN**

The United States District Court for the Eastern District of Texas presents its compliments to the appropriate Judicial Authority of Japan and respectfully requests international judicial assistance to obtain evidence from Panasonic Corporation ("Panasonic") to be used at trial in the above-captioned matter. This Court has authority to submit this request for international judicial assistance under the Consular Convention between Japan and the United States of America. The deadline for the completion of fact discovery in this matter is May 16, 2022 under the current case schedule. In light of the foregoing, this Court respectfully requests that the appropriate Judicial Authority of Japan give this matter urgent attention so that the evidence requested herein may be obtained as soon as possible.

I.      NATURE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

Godo Kaisha IP Bridge 1 ("IP Bridge") filed a complaint in the above-captioned suit alleging that Defendants make, use, sell, and/or offer to sell wireless telecommunications products in the United States that infringe one or more claims in U.S. Patent Nos. 7,372,909, 8,787,275, 8,085,724, 8,077,594, 8,385,239, 8,526,546, and 9,137,000. In the complaint, IP Bridge contends that the asserted patents are essential to a number of cellular standards and that Defendants' products infringe the asserted patents by complying with these standards. To compensate it for Defendants' alleged infringement, IP Bridge asks the Court to award an unspecified amount of damages, pre-judgement and post-judgement interest, and attorneys' fees.

All of the asserted patents originated with Panasonic Corporation ("Panasonic"), a Japanese conglomerate headquartered in Kadoma, Osaka, Japan. Panasonic was the original applicant and assignee for these patents, and every named inventor was employed by Panasonic at the time of the alleged inventions. Years after completing the alleged inventions and applying for patent protection in both Japan and the United States, Panasonic sold a patent portfolio that includes the asserted patents to IP Bridge.

This Letter of Request is intended to obtain evidence from Panasonic that is unavailable through other means and reasonably likely to be material to Defendants' defenses. The evidence to be obtained consists of documents and testimony for use at trial or in preparing for trial in this matter. While this Court expresses no view at this time as to the merits in the above-captioned case, it is satisfied that the evidence requested (identified in Schedules A and B hereto) is relevant to the claims and defenses of the parties in this action.

II.     **IDENTITIES AND ADDRESSES OF THE PERSONS AND ENTITIES TO BE EXAMINED**

The business address of the entity to be examined is 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan. This address is based on currently available information for the headquarters of Panasonic.

III.     **PERSONS TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

        Eleanor H. Callaway
        McKool Smith
        300 Crescent Court
        Suite 1500
        Dallas, Texas 75201
        United States of America

IV.     **PROCEDURES OR METHOD TO BE FOLLOWED**

Given that the testimony sought is intended to be used in a legal proceeding in the United States, this Court requests that the examinations be conducted pursuant to the discovery rules as provided for in the United States Federal Rules of Civil Procedure, except to the extent such procedure is incompatible with the laws of Japan. Documents or other property to be inspected are listed in Schedule A. Deposition topics are listed in Schedule B.

It is respectfully requested that an appropriate judicial officer of Japan direct that the witness be duly sworn in accordance with the applicable procedures of Japan, and that the testimony be taken and transcribed by a qualified court reporter and videographer chosen by Defendants' representatives. It is further requested that the transcription of the deposition be in

the English language if allowable under the local law. The Court further requests that: (a) Panasonic be required to designate one or more person(s) to testify on its behalf regarding the deposition topics listed in Schedule B; (b) The attorneys conducting the examinations be permitted to ask questions regarding the deposition topics listed in Schedule B; (c) The examination be conducted orally; (d) A stenographer be permitted to record verbatim the examinations; and (e) The documents requested in Schedule A be provided to Defendants no later than twenty-one (21) days prior to the deposition.

In the event that the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the laws of Japan for the formal taking of testimonial evidence.

## V.    PROTECTIVE ORDER

Some of the documents requested in Schedule A and some of the testimony sought in Schedule B may call for confidential information. The Court entered a Protective Order that governs the production of documents, testimony, and any other evidence in connection with this action, including the document production or testimony of third parties. A copy of the governing Protective Order is attached as Schedule C. This Protective Order will serve to protect any confidential and propriety business information produced by Panasonic from public disclosure.

## VI.   RECIPROCITY

The United States District Court for the Eastern District of Texas is willing and authorized to provide similar assistance to the judicial authorities of Japan should a similar request for international judicial assistance be received from the courts of Japan.

## VII.  REIMBURSEMENT

This Court understands that any fees and costs incurred in the execution of this request are reimbursable. These fees and costs will be reimbursed by the counsel for Ericsson up to U.S.

$2,325, who may be contacted at: McKool Smith, 300 Crescent Court, Suite 1500, Dallas, Texas 75201, Telephone: 214.978.4000, Email: ecallaway@mckoolsmith.com.

## VIII.   CONCLUSION

This Court expresses its appreciation for the assistance and courtesy of the courts of the Japan in this matter and states that it shall be ready and willing to assist the courts of Japan in a similar manner when required.

DATE: _____

Signature and Seal of the
Requesting Authority:

_____
The Honorable Rodney Gilstrap
United States District Court
Eastern District of Texas

## Schedule A

### INSTRUCTIONS

1. Each document request in Schedule A shall be answered pursuant to and in the manner prescribed by Rules 26, 34, and 45 of the Federal Rules of Civil Procedure.

2. All documents that respond, in whole or in part, to any portion of the requests below are to be produced in their entirety (without redactions, except for information claimed to be privileged or work product), including all attachments and enclosures.

3. Pursuant to Fed. R. Civ. P. 45(e)(1), documents must be produced as they are kept in the usual course of business. For any document responsive to a request herein that exists in electronic form, you shall produce such documents in electronic form.

4. If you claim that any information, document, thing or part thereof ("information") requested herein is privileged or immune from discovery, produce non-privileged information and separately identify in a privileged document list all information withheld from production on the basis of privilege, including (a) the date that the information was created; (b) the author or sender(s) by position and entity with which they are employed or associated; (c) the recipient(s), including copy recipient(s), by position and entity with which they are employed or associated; (d) the general subject matter of the withheld information; and (e) the type of privilege claimed.

5. If any of the categories of documents and things cannot be produced in full after exercising reasonable diligence to secure the documents and things requested, please so state, supply any documents and things that can be produced, and set forth the reasons why the responsive documents and things could not be secured and produced.

## DEFINITIONS

As used herein, the following terms shall have the meanings set forth below:

1. "The '909 Patent" means U.S. Patent No. 7,372,909.

2. "The '275 Patent" means U.S. Patent No. 8,787,275.

3. "The '724 Patent" means U.S. Patent No. 8,085,724.

4. "The '594 Patent" means U.S. Patent No. 8,077,594.

5. "The '239 Patent" means U.S. Patent No. 8,385,239.

6. "The '546 Patent" means U.S. Patent No. 8,526,546.

7. "The '000 Patent" means U.S. Patent No. 9,137,000.

8. "Asserted Patents" means the '909 Patent, the '275 Patent, the '724 Patent, the '594 Patent, the '239 Patent, the '546 Patent, and the '000 Patent.

9. "Panasonic," "you," or "your" mean Panasonic Corporation of North America as well as all of its parent and subsidiary corporations, divisions, affiliates, and related entities.

10. "Document" and/or "Documents" are used in the broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, writings, printings, drawings, graphs, charts, photographs, notes, books, papers, and electronically generated and/or stored subject matter (*e.g.*, emails, spreadsheets, PDFs, and the like).

11. "IP Bridge" means Godo Kaisha IP Bridge 1 as well as all of its parent and subsidiary corporations, divisions, affiliates, and related entities.

12. "SSO" means standards setting organization.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All agreements between You and IP Bridge.

2. All Documents related to your agreement(s) with IP Bridge.

3. All Documents describing the manner in which patents were selected for transfer to IP Bridge.

4. All documents describing the extent to which Panasonic shares in any proceeds or recovery from licensing or litigation of the Asserted Patents, and the amount or percentage of the share.

5. All documents describing how much IP Bridge shares in any proceeds or recovery from licensing or litigation of the Asserted Patents, and how such proceeds or recovery is split amongst the principals of IP Bridge.

6. All documents showing whether IP Bridge has the ability to obtain documents from Panasonic.

7. All documents and communications concerning the licensing of the Asserted Patents.

8. All documents and communications concerning licensing negotiations.

9. All documents and communications concerning any actual or potential license, cross-license, contract, indemnity agreement, settlement agreement, covenant not to sue, grant of a right to practice, and/or agreement not to assert a patent with regard to the Asserted Patents.

10. All Documents related to your assessment of the essentiality of the Asserted Patents to any standard.

11. All Documents related to your decision not to declare the Asserted Patents standard-essential.

12. All documents related to any assessment of the value of the Asserted Patents.

13. All documents related to the conception, development, and/or commercialization of the subject matter described in the Asserted Patents.

14. Summaries or minutes from any SSO meetings related to the subject matter described in the Asserted Patents.

15. Any document, web page, and/or user manual related to the marking of the Asserted Patents.

16. Any document related to You or Your licensees practicing the Asserted Patents.

17. Any document related to Your requirements for licensees to mark products.

18. Any document related to the enforcement of licensee marking requirements.

## Schedule B

You are directed to designate one or more of its officers, directors, managing agents, or other persons who consent to testify on the behalf of Panasonic and who have knowledge of and are adequately prepared to testify concerning the deposition topics enumerated below.

1. The preparation, storage, authenticity and business records status of the Documents produced in response to the document requests set forth in Schedule A.
2. The contents of the Documents produced in response to the document requests set forth in Schedule A.
3. Identification of, and factual information regarding, licenses related to the Asserted Patents.
4. Identification of, and factual information regarding, licenses and agreements between You and IP Bridge.
5. All FRAND offers made by Panasonic to any third party to license the Asserted Patents.
6. The extent to which Panasonic shares in any proceeds or recovery from licensing or litigation of the Asserted Patents and the amount or percentage of the share.
7. The manner in which patents were selected for transfer to IP Bridge.
8. Your knowledge regarding whether IP Bridge has the ability to obtain documents related to the Asserted Patents from Panasonic.
9. Your assessment of the essentiality of the Asserted Patents to any standard.
10. Your decision not to declare the Asserted Patents standard-essential.
11. Your standard practices for declaring patents standard-essential.
12. Any assessment of the value of the Asserted Patents.
13. Your requirements for licensees to mark products.
14. Your enforcement of licensee marking requirements.

15. Your practice of the Asserted Patents.