IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00213-JRG (LEAD CASE) |
| TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON, INC., | § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| v. | § § | CIVIL ACTION NO. 2:21-CV-00215-JRG (MEMBER CASE) |
| NOKIA CORPORATION, NOKIA SOLUTIONS AND NETWORK OY, NOKIA OF AMERICA CORPORATION, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Godo Kaisha IP Bridge 1's ("IP Bridge" or "Plaintiff") Motion to Strike Ericsson's Affirmative Defenses (the "Motion"). (Dkt. No. 32). Having considered the Motion, the related briefing, and the applicable law, the Court finds that the Motion should be **DENIED**.

**I.      BACKGROUND**

IP Bridge filed its complaint on June 11, 2021, alleging that Defendants Telefonaktiebolaget LM Ericsson and Ericsson, Inc. (together, "Ericsson") infringe U.S. Patent Nos. 7,372,909 ("the '909 Patent"); 8,787,275 ("the '275 Patent"); 8,085,724 ("the '724 Patent"); 8,077,594 ("the '594 Patent"); 8,385,239 ("the '239 Patent"); 8,526,546 ("the '546 Patent"); and

9,137,000 ("the '000 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1). On September 3, 2021, Ericsson filed its Answer to the Complaint. (Dkt. No. 19). In its Answer, Ericson raises the following affirmative defenses relevant to the instant Motion: Second: No Willful Infringement (*Id.* at 21), Fourth: No Equitable Relief (*Id.*), Fifth: Statutory Limitation (*Id.*), Sixth: Prosecution History Estoppel (*Id.* at 22), Seventh: Lack of Standing (*Id.*), Eighth: FRAND Limitation (*Id.*), and Ninth: Equitable Bars (*Id.*). IP Bridge then filed the Motion seeking to strike each of said defenses under Federal Rule of Civil Procedure 12(f) on September 24, 2021. (Dkt. No. 32).

## II.  LEGAL STANDARD

"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules . . . upon the court's own initiative at any time, the court **may** order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). This rule creates a clear mechanism for the Court to save time and expense by eliminating insufficient defenses from the pleadings when those items lack merit or are otherwise unavailing. *See Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) ("The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues"). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). To find that a defense is insufficient as a matter of law, the Court considers whether the defense is applicable to the case and whether the pleadings give plaintiff fair notice of the defense. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). This standard prevents a plaintiff from being a victim of "unfair surprise." *Id.*

Moreover, the Court may strike purported affirmative defenses as "redundant" or "immaterial" under Rule 12(f) on the ground that they are not affirmative defenses at all, but mere denials of an element of the plaintiff's *prima facie* case. *F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008). However, while the Court may strike such defenses, "striking portions of pleadings is a 'drastic remedy' and is 'often sought by a movant simply as a dilatory tactic.'" *Motorola Mobility, Inc. v. TiVo Inc.*, No. 5:11-cv-053-JRG, 2013 WL 12040725, at *2 (E.D. Tex. Jan. 25, 2013) (quoting *Am. Southern Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010)). "[T]he action of striking a pleading should be sparingly used by the courts" and "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). "[I]f an affirmative defense raises either a question of fact or a question of law, the court must deny a motion to strike." *GREE, Inc. v. Supercell Oy*, 2:19-cv-00071-JRG-RSP, 2019 WL 5677511, at *2 (E.D. Tex. Oct. 30, 2019) (citation omitted).

### III.     DISCUSSION

#### A.     Ericsson's Fourth and Seventh Affirmative Defenses

Ericsson's Fourth and Seventh Affirmative Defenses state in their entirety:

**FOURTH AFFIRMATIVE DEFENSE**
**(No Equitable Relief)**

IP Bridge is not entitled to any form of equitable relief because IP Bridge has not suffered, and will not suffer, irreparable harm as a result of the alleged conduct. IP Bridge has an adequate remedy at law, and the balance of hardships and the public interest do not favor injunctive relief. Ericsson further alleges that IP Bridge is an entity which, upon information and belief, does not make or sell any products or services. Accordingly, Ericsson further alleges that IP Bridge could not meet the applicable standard to warrant an injunction.
. . .

## SEVENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

> To the extent IP Bridge was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, IP Bridge lacks standing to bring one or more claims in this lawsuit.

(Dkt. No. 19 at 21–22).

IP Bridge first argues that the Court should strike Ericsson's Fourth (No Equitable Relief) and Seventh (Lack of Standing) affirmative defenses because they are mere denials of specific elements of its *prima facia* case and "are not affirmative defenses at all." (Dkt. No. 32 at 4). IP Bridge also asserts that, as plead, Ericsson merely names the affirmative defenses and fails to provide any detail to give IP Bridge fair and sufficient notice.[1] *See Woodfield*, 193 F.3d at 362. Regarding the Seventh Defense, IP Bridge argues that lack of standing "is not an affirmative defense" and that Ericsson provides no factual support to contest the allegations in the complaint that "IP Bridge is the owner of all rights, title, and interest" in the Asserted Patents. (*Id.* at 4–5) (citing Dkt. No. 1 at ¶ 2; *Security Profiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-cv-1165-RWS-JDL, 2017 WL 5150682, at *7 (E.D. Tex. Mar. 21, 2017), *adopted*, 2017 WL 1950810 (E.D. Tex. May 11, 2017)). Further, IP Bridge argues that the Court should strike the Fourth Defense because Ericsson merely denies that the elements necessary to warrant equitable relief are present without asserting any underlying facts. (*Id.* at 5) (citing *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 2:15-cv-1838, 2016 WL 7042232, at *1 (E.D. Tex. Apr.6, 2016)).

---

[1] The Court is puzzled by IP Bridge's argument that Ericsson's Fourth and Seventh Defenses are simultaneously inadequate to provide IP Bridge with "sufficient notice" yet are also "mere denials of . . . IP Bridge's *prima facia* case"—and are therefore redundant, improper 'affirmative defenses' that need not be pled at all. (Dkt. No. 32 at 4). IP Bridge seems to simultaneously argue that Ericsson is not required to plead these defenses yet must plead them with more detail. Such internally inconsistent arguments exemplify why striking affirmative defenses under Rule 12(f) is a "drastic remedy, . . . viewed with disfavor," which "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Miller v. City of East Mountain*, No. 2:17-cv-00496-JRG-RSP, 2018 WL 4390783, at *2 (E.D. Tex. Aug. 29, 2018*); Coney*, 689 F.3d at 379.

Ericsson argues that IP Bridge's reading of *Twin Rivers* is incorrect and that its Fourth and Seventh Defenses should not be struck as mere denials of Plaintiff's *prima facie* case. (Dkt. No. 36 at 11–12). Specifically, Ericsson asserts that its Fourth and Seventh defenses "'allege[] that the scope of relief is more limited than [IP Bridge's complaint] suggests' [and thus] the defenses should not be struck." (*Id.*) (quoting *F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 666 (E.D. Tex. 2008)). Further, Ericsson argues that even if its Fourth and Seventh defenses are not true affirmative defenses under Rule 8(c), the Court should still refuse to strike the defenses because IP Bridge's arguments rely on technicalities and pure formalism—which expends time and resources and runs contrary to the rationale of Rule 12(f). (*Id.* at 10–11). Ericsson argues that if these are not true affirmative defenses—and are thus redundantly pled—Ericsson has merely given IP Bridge *more* information about its defenses and a better understanding of Ericsson's defense strategy. (*Id.*) (citing *Miller*, 2018 WL 4390783, at *2). Accordingly, Ericsson argues that IP Bridge cannot be a victim of unfair surprise and its Motion should be denied.

The Court finds Ericsson's arguments persuasive. Regarding Ericsson's Fourth Defense (No Equitable Relief), this Court has previously recognized that "even if [pled defenses] are not technically 'affirmative defenses,' Plaintiff has arguably been given the advantage of a better understanding of aspects of [the Defendant's] defense strategy" and can hardly claim to be a victim of unfair surprise. *Miller*, 2018 WL 4390783, at *2. Indeed, "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362. While in other cases, a bare bones recitation of an affirmative defense untethered to any factual context may result in unfair surprise sufficient to warrant relief under Rule 12(f). However, the Court notes that, here, Ericsson has included factual allegations that clearly raise its pleading above such a low bar. (*See* Dkt. No. 19 at 31–34 (outlining the negotiation history between the parties and asserting allegations such as a multiple-year delay before filing suit that are relevant to Ericsson's raised defense)).

Regarding Ericsson's Seventh Defense (Lack of Standing), the Court also finds that Ericsson's pleading only provides notice of the defense without subjecting IP Bridge to unfair surprise. *See Domain Prot., LLC v. Sea Wasp, LLC*, 4:18-cv-792, 2019 WL 6255733, at *4 (E.D. Tex. Nov. 22, 2019) (declining to strike lack-of-standing defense because it simply acted to provide notice and did not prejudice plaintiff). Further, Ericsson has pled additional facts in its answer providing context to its defense that satisfy the low threshold of the applicable "fair notice" pleading standard. (*See* Dkt. No. 19 at 32 (alleging that the Asserted Patents were encumbered when IP Bridge acquired them from Panasonic)). Accordingly, the Court declines to strike Ericsson's Fourth and Seventh Defenses.

### B. Ericsson's Second, Fifth, and Eighth Affirmative Defenses

Ericsson's Second, Fifth, and Eighth Affirmative Defenses state in their entirety:

**SECOND AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

IP Bridge is not entitled to enhanced or increased damages for willful infringement.
. . .

**FIFTH AFFIRMATIVE DEFENSE**
**(Statutory Limitation)**

IP Bridge's recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288.
. . .

**EIGHTH AFFIRMATIVE DEFENSE**
**(FRAND Limitation)**

IP Bridge's claims are barred, or its relief limited, by its violation of its obligation to negotiate in good faith towards, and to license the Patents-in-Suit on, fair, reasonable, and non-discriminatory terms pursuant to the applicable standard setting organizations' intellectual property polices.

(Dkt. No. 19 at 21–22).

IP Bridge argues that the Court should strike Ericsson's Second (No Willful Infringement), Fifth (Statutory Limitation), and Eighth (FRAND Limitation) affirmative defenses because each are merely alleged limitations on damages and fail to provide IP Bridge with fair notice of the

respective defense. (Dkt. No. 32 at 5). IP Bridge asserts that "Section 287[, 286, and 288 are] limitation[s] on damages, and [are] not . . . affirmative defense[s]." (Dkt. No. 32 at 5–6) (quoting *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)). IP Bridge similarly argues that "[t]o the extent Ericsson's willfulness and FRAND defenses seek to limit the monetary relief that IP Bridge is entitled to, this is an improper limitation on damages" unnecessarily pled as an affirmative defense. (*Id.* at 6). Finally, IP Bridge asserts that Ericsson failed to plead any facts to support its Eighth Defense (FRAND Limitation) such as IP Bridge's inappropriate negotiation behavior or contractual obligations stemming from policies of standard setting organizations. (*Id.*).

Ericsson responds by noting that IP Bridge's reliance on *Arctic Cat* in the instant Motion is unavailing because *Arctic Cat* "does not involve Rule 12(f) or say anything about the propriety of striking pleadings." (Dkt. No. 36 at 11). Instead, Ericsson argues that *Artic Cat* merely indicates that it is the patentee's burden to "plead[] and prov[e] he complied with Section 287(a)'s marking requirement" and thus a Defendant may—but is not required—to plead a damages limitation defense before raising the same at trial. (*Id.* at 11; Dkt. No. 46 at 4); *see also Artic Cat*, 876 F.3d at 1366. Finally, Ericsson notes that this Court has previously declined to strike an affirmative defense stating that "Plaintiff's claims for damages and costs are statutorily limited, at least, by 35 U.S.C. §§ 286, 287, and/or 288" finding that the same provided "reasonable notice . . . of [the Defendant's] contentions." (Dkt. No. 36 at 11) (quoting *Pers. Audio, LLC v. Fox Entm't, Inc.*, No. 2:13-cv-577-JRG-RSP, 2014 WL 12618096, *1 (E.D. Tex. Aug. 25, 2014)).

The Court again finds Ericsson's arguments persuasive and that striking pleadings under Rule 12(f) is not warranted in the instant case. *See Pers. Audio*, 2014 WL 12618096, at *1–2. "[T]he action of striking a pleading should be sparingly used by the courts" and "motion[s] to

strike should be granted *only* when the pleading to be stricken has no possible relation to the controversy." *Coney*, 689 F.3d 365, 379 (emphasis added). The Court notes that willful infringement, the applicability of 35 U.S.C. 286–88, and the alleged violation of FRAND obligations clearly have—at least a possible—nexus to the instant case. Further, Ericsson has pled multiple pages of factual context detailing the negotiation and bargaining history giving rise to its FRAND defense sufficient to provide IP Bridge with fair notice of Ericsson's defense at the Rule 12(f) stage. (*See* Dkt. No. 19 at 30–34).[2]

### C.    Ericsson's Sixth and Ninth Affirmative Defenses

Ericsson's Sixth and Ninth Affirmative Defenses state in their entirety:

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**
**(Prosecution History Estoppel)**

IP Bridge's claims are barred by the doctrine of prosecution history estoppel and disclaimer based on statements, representations, and/or admissions made during the prosecution of the Patents-in-Suit.
. . .

**<u>NINTH AFFIRMATIVE DEFENSE</u>**
**(Equitable Bars)**

IP Bridge's claims of patent infringement are barred by the doctrines of waiver, estoppel, prosecution laches, and/or other equitable doctrines, including inequitable conduct during prosecution of the Asserted Patents before the U.S. Patent and Trademark Office.

(Dkt. No. 19 at 21–22).

IP Bridge argues that the Court should strike Ericsson's Sixth Defense (Prosecution History Estoppel) and Ninth (Equitable Bars) affirmative defenses because they fail to provide any factual

---

[2] While the Court notes that the striking a pleading under Rule 12(f) is a drastic remedy, in no way are parties excused from complying with the requirements of Federal Rule of Civil Procedure 11. "Thus, a party is not simply permitted to throw every defense imaginable into an answer and 'see what sticks.'" *Pers. Audio*, 2014 WL 12618096, at *2. If newly developed facts lead a party to believe that there is no longer a good faith basis to assert a previously pled claim, counterclaim, or defense, the party should promptly remove it from the case. *Id.*

support and thus fail to provide IP Bridge fair notice under the *Woodfield* standard.[3] (Dkt. No. 32 at 7). Regarding Ericsson's Sixth Affirmative Defense (Prosecution History Estoppel), IP Bridge argues that Ericsson had "80 days between service of the complaint and the filing of its answer . . . to investigate any potential estoppel resulting from prosecution of the Asserted Patents" yet failed to include any facts supporting such a defense in its answer—such as statements made by the patentees during prosecution or why such statements give rise to estoppel. (Dkt. No. 32 at 7). Regarding Ericsson's Ninth Affirmative Defense (Equitable Bars), IP Bridge asserts that Ericsson failed to allege any supporting facts and likens Ericsson's pleading to a prior pleading which this Court previously struck in *Twin Rivers*. (*Id.* at 7–8) (citing *Twin Rivers*, 2016 WL 7042232, at *1).

In response, Ericsson argues that IP Bridge's own motion shows that it is clearly not a victim of unfair surprise with respect to these defenses and thus the Motion should be denied. For its Sixth Defense (Prosecution History Estoppel), Ericsson argues that its pleading is at least as detailed as that in *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, which merely stated that "[p]laintiff's claims are barred in whole or in-part by the doctrine[] of . . . estoppel." 739 F.3d 694, 701 n.4 (Fed. Cir. 2014) (finding that the same was sufficient notice under Rule 8(c)). Regarding its Ninth Defense (Equitable Bars), Ericsson distinguishes the "bare-bones equitable defense" with no alleged supporting facts in *Twin Rivers* from its pleading, which includes "three pages of facts . . . detailing IP Bridge's negotiation conduct, three-year silence, and then sudden reemergence to file this lawsuit." (Dkt. No. 36 at 9).

---

[3] The Court notes that Ericsson "agreed to withdraw and no longer assert . . . [it's] Ninth Affirmative Defense (Equitable Bars) with respect to the inequitable conduct defense." (Dkt. No. 32 at 1 n.1). Accordingly, for the purposes of the instant Motion, the Court need not apply the heightened pleading standards under Fed. R. Civ. P. 9(b) applicable to an inequitable conduct defense, and IP Bridge only challenges this defense under the less strenuous *Woodfield* standard.

The Court agrees that IP Bridge's own argument undercuts its claim of unfair surprise and prejudice with respect to Ericsson's Sixth Defense (Prosecution History Estoppel). IP Bridge's recognition that Ericsson's defensive strategy may center on "statements made by the patentees during the prosecution of the applications leading to the Asserted Patents" indicates that IP Bridge is "on notice as to the substance of" this defense. (Dkt. No. 32 at 7); *see also Pers. Audio*, 2014 WL 12618096, at *1. Further, the Court declines to exercise the drastic remedy of striking a pleading under Rule 12(f) in the instant case and notes that similarly worded answers have been found to be "adequately pled" to support a prosecution history estoppel defense. *See Malibu Boats*, 739 F.3d at 701 n.4. Finally, the Court agrees with Ericsson that its Ninth Defense (Equitable Bars) is sufficiently grounded in more than three pages of factual allegations and therefore rises above the bare bones pleading previously struck in *Twin Rivers*. *Compare* (Dkt. No. 19 at 22, 30–34), *with* 2016 WL 7042232, at *1 (noting that "Defendant's Answer provide[d] a single, conclusory sentence: '[Plaintiff] is barred in whole or in part from asserting the [Asserted Patent] against [Defendant] under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence'"). Accordingly, the Court declines to strike Ericsson's Sixth and Ninth Defenses under Rule 12(f).

### IV.     CONCLUSION

For the reasons stated above and based on the record before it, the Court declines to strike Ericsson's pleadings in this case under Rule 12(f). Accordingly, IP Bridge's Motion is **DENIED**.

**So ORDERED and SIGNED this 6th day of June, 2022.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE