IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.   2:21-CV-00213-JRG |
| | § | (LEAD CASE) |
| TELEFONAKTIEBOLAGET LM ERICSSON,  ERICSSON, INC., | § | |
| | § | |
| *Defendants.* | § | |

---

| | | |
|---|---|---|
| v. | § | CIVIL ACTION NO.   2:21-CV-00215-JRG |
| | § | (MEMBER CASE) |
| NOKIA CORPORATION,  NOKIA SOLUTIONS AND NETWORK OY, NOKIA OF AMERICA CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Godo Kaisha IP Bridge 1's ("IP Bridge" or "Plaintiff") Motion to Strike Nokia's Affirmative Defenses (the "Motion"). (Dkt. No. 35). Having considered the Motion, the related briefing, and the applicable law, the Court finds that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.        BACKGROUND

IP Bridge filed its complaint on June 11, 2021, alleging that Defendants Nokia Corporation, Nokia Solutions and Network OY, and Nokia of America Corporation (collectively, "Nokia" or "Defendants") infringe U.S. Patent Nos. 7,372,909 (the "'909 Patent"); 8,787,275 (the "'275 Patent"); 9,769,820 (the "'820 Patent"); 8,085,724 (the "'724 Patent"); 8,077,594 (the "'594

Patent"); 8,385,239 (the "'239 Patent"); 8,526,546 (the "'546 Patent"); and 9,137,000 (the "'000 Patent") (collectively, the "Asserted Patents"). (Case No. 2:21-cv-00215-JRG, Dkt. No. 1). On September 13, 2021, Nokia filed its answer to the complaint. (Dkt. No. 23). In its answer, Nokia raises the following affirmative defenses relevant to the instant Motion:

- Third (Prosecution History Estoppel);

- Fourth (Equitable Defenses);

- Fifth (No Equitable Entitlement to Injunctive Relief);

- Sixth (Statutory Limitations on Damages);

- Seventh (No Willful Infringement);

- Eighth (Failure to State a Claim);

- Eleventh (Acts of Others);

- Twelfth (No Causation);

- Thirteenth (Patent Misuse);

- Fourteenth (Standing);

- Sixteenth (Contractual Limitations on Damages - FRAND); and

- Seventeenth (Reservation of Defenses)

(Dkt. No. 23 at 22–25).[1]

On October 10, 2021, IP Bridge filed its Motion seeking to strike each of said defenses under Federal Rule of Civil Procedure 12(f) because they allegedly "(1) are mere denials of an

---

[1] In its response, Nokia "agrees to (i) withdraw its Eleventh (Acts of Others) and Twelfth (No Causation) Affirmative Defenses subject to its right to file a [Rule] 12(c) motion and replead these defenses based on facts obtained in discovery and (ii) withdraw its Seventeenth Affirmative Defense (Reservation of Defenses) and replead it as a general reservation of rights." (Dkt. No. 39 at 9–10). Accordingly, the Court does not address IP Bridge's arguments related to these withdrawn defenses.

element of IP Bridge's *prima facie* case, (2) serve only as a limitation on damages, or (3) plainly fail to satisfy the pleading requirements." (Dkt. No. 35 at 5).

## II.        LEGAL STANDARD

"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules . . . upon the court's own initiative at any time, the court ***may*** order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). This rule creates a clear mechanism for the Court to save time and expense by eliminating insufficient defenses from the pleadings when those items lack merit or are otherwise unavailing. *See Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) ("The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues"). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). To find that a defense is insufficient as a matter of law, the Court considers whether the defense is applicable to the case and whether the pleadings give plaintiff fair notice of the defense. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). This standard prevents a plaintiff from being a victim of "unfair surprise." *Id.*

Moreover, the Court may strike purported affirmative defenses as "redundant" or "immaterial" under Rule 12(f) on the ground that they are not affirmative defenses at all, but mere denials of an element of the plaintiff's *prima facie* case. *F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008). However, while the Court may strike such defenses, "striking portions of pleadings is a 'drastic remedy' and is 'often sought by a movant simply as a dilatory tactic.'" *Motorola Mobility, Inc. v. TiVo Inc.*, No. 5:11-cv-053-JRG, 2013 WL 12040725,

3

at *2 (E.D. Tex. Jan. 25, 2013) (quoting *Am. Southern Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010)). "[T]he action of striking a pleading should be sparingly used by the courts" and "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). "[I]f an affirmative defense raises either a question of fact or a question of law, the court must deny a motion to strike." *GREE, Inc. v. Supercell Oy*, 2:19-cv-00071-JRG-RSP, 2019 WL 5677511, at *2 (E.D. Tex. Oct. 30, 2019) (citation omitted).

## III.     DISCUSSION

### A.     Nokia's Fifth, Eighth, and Fourteenth Affirmative Defenses

Nokia's Fifth, Eighth, and Fourteenth affirmative defenses state in their entirety:

### FIFTH AFFIRMATIVE DEFENSE
#### (No Equitable Entitlement to Injunctive Relief)

IP Bridge is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to IP Bridge is not immediate or irreparable, IP Bridge has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.
. . .

### EIGHTH AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

IP Bridge's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.
. . .

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Standing)

To the extent IP Bridge was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, IP Bridge lacks standing to bring one or more claims in this lawsuit.

(Dkt. No. 23 at 22–24).

IP Bridge argues that the Court should strike Nokia's Fifth (No Equitable Entitlement to Injunctive Relief), Eighth (Failure to State a Claim), and Fourteenth (Standing) affirmative

4

defenses because they "are mere denials of specific elements of IP Bridge's *prima facie* case" and "are not affirmative defenses." (Dkt. No. 35 at 5) (citing *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 2:15-cv-1838, 2016 WL 7042232, at *1 (E.D. Tex. Apr.6, 2016)). IP Bridge also asserts that, as plead, "Nokia 'merely names the [purported] affirmative defenses without providing any additional detail to give [IP Bridge] fair notice' of the defenses."[2] (*Id.*) (quoting *Security Profiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-cv-1165-RWS-JDL, 2017 WL 5150682, at *7 (E.D. Tex. Mar. 21, 2017), *adopted*, 2017 WL 1950810 (E.D. Tex. May 11, 2017)).

Nokia argues the Court should decline to strike its Fifth, Eighth, and Fourteenth affirmative defenses. (Dkt. No. 39 at 3–5). Specifically, Nokia asserts that its Fifth (No Equitable Entitlement to Injunctive Relief) defense rejects IP Bridge's entire entitlement to a remedy and goes beyond merely denying the elements of Plaintiff's claim. (*Id.* at 4). Regarding its Eighth (Failure to State a Claim) defense, Nokia argues that "in the Fifth Circuit, a 'failure to state a claim' defense is routinely pled and routinely treated as an affirmative defense." (*Id.*) (quoting *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. CV H-16-3696, 2017 U.S. Dist. LEXIS 114756, at *4–5 (S.D. Tex. Jul. 24, 2017) (declining to grant an *unopposed* motion to strike under Rule 12(f) because "striking the defense from the defendants' answer would be pointless because [Plaintiff] is not at risk of prejudicial harm")). Regarding its Fourteenth (Lack of Standing) defense, Nokia further notes that courts in the Fifth Circuit have expressly declined to strike the affirmative defense of lack of standing. *See, e.g.*, *Domain Prot., LLC v. Sea Wasp, LLC*, 4:18-cv-792, 2019 U.S. Dist. LEXIS 202932, at *12 (E.D. Tex. Nov. 22, 2019) (finding that to "plead standing as an affirmative defense does not prejudice [a defendant, that] the Court has permitted such pleadings before, and [that] it is a drastic remedy to strike a pleading").

---

[2] The Court notes that IP Bridge argues that these defenses simultaneously fail to provide Plaintiff with sufficient notice yet also are mere denials of *prima facia* elements of Plaintiff's case—and therefore need not be pled at all. Such incongruent arguments exemplify why striking an affirmative defense under Rule 12(f) is a "drastic remedy, . . . viewed with disfavor," which "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Miller v. City of East Mountain*, No. 2:17-cv-00496-JRG-RSP, 2018 WL 4390783, at *2 (E.D. Tex. Aug. 29, 2018); *Coney*, 689 F.3d at 379.

Finally, Nokia asserts that if these are not true affirmative defenses—and are thus redundantly pled—Nokia has merely given IP Bridge *more* information about its defenses, and thus the Court should deny the Motion because IP Bridge cannot be a victim of unfair surprise. (*Id.*) (citing *Miller*, 2018 WL 4390783, at *2).

The Court finds Nokia's arguments persuasive. Regarding Nokia's Fifth (No Equitable Entitlement to Injunctive Relief) defense, this Court has previously recognized that "even if [pled defenses] are not technically 'affirmative defenses,' Plaintiff has arguably been given the advantage of a better understanding of aspects of [the Defendant's] defense strategy" and can hardly claim to be a victim of unfair surprise. *Miller*, 2018 WL 4390783, at *2. Indeed, "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362. While in other cases, a bare bones recitation of an affirmative defense untethered to any factual context may result in prejudice sufficient to warrant relief under Rule 12(f), the Court notes that, here, IP Bridge is merely on notice that Nokia contests its right to injunctive relief and cannot claim to be a victim of unfair surprise.

Regarding Nokia's Eighth (Failure to State a Claim) defense, the Court agrees with Nokia that a "[f]ailure to state a claim [defense], though not technically an affirmative defense, may be treated as one" in the context of a Motion to Strike under Rule 12(f). *Joe Hand*, 2017 U.S. Dist. LEXIS 114756, at *5. Further, striking Nokia's Eighth defense would run counter to the rational underlying Rule 12(f). "The function of [a Rule 12(f)] motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *G&W Const. Co.*, 783 F.3d at 1050 (internal quotation omitted). However, under Federal Rule of Civil Procedure 12(h)(2), a "[f]ailure to state a claim upon which relief can be granted" defense "may be raised . . . by a motion under Rule 12(c); or [even] . . . at trial." Fed. R. Civ. P. 12(h)(2). Thus, Plaintiff's Motion—and a total of four briefs addressing this issue—concern a request for relief

that has no practical effect; regardless of whether the Court strikes the Eighth defense, the Federal Rules permit Defendants to raise the same later via a Rule 12(c) motion or even at trial. In no way, then, does Plaintiff's requested relief serve Rule 12(f)'s purpose of dispensing with spurious issues early in the case, and the Court accordingly declines to strike Defendants' Eighth defense.[3]

Regarding Nokia's Fourteenth (Lack of Standing) defense, the Court also finds that Nokia's pleading merely provides notice of the defense without subjecting IP Bridge to unfair surprise. *See Domain Prot.*, 2019 WL 6255733, at *4 (declining to strike lack-of-standing defense because it simply acted to provide notice and did not prejudice plaintiff). "While it is true that standing typically cannot be an affirmative defense, the circumstances here militate a different conclusion. [Nokia] is simply putting [IP Bridge] on notice that [Nokia] believes it has the right to contest the ownership of the [Asserted Patents] in dispute." *Id.* (internal citation omitted).

### B.    Nokia's Sixth, Seventh, and Sixteenth Affirmative Defenses

Nokia's Sixth, Seventh, and Sixteenth affirmative defenses state in their entirety:

### SIXTH AFFIRMATIVE DEFENSE
**(Statutory Limitation on Damages)**

Any claim by IP Bridge for damages is limited by 35 U.S.C. § 286 and/or § 287, including upon information and belief, IP Bridge is barred by 35 U.S.C. § 287 from recovering damages in this case due to IP Bridge's and/or IP Bridge's licensees' failure to mark. IP Bridge is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.
. . .

---

[3] Again, the expenditure of time and resources on arguments that fail to serve the purposes of Rule 12(f) exemplify why such motions are "viewed with disfavor" and "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Miller*, 2018 WL 4390783, at *2.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

IP Bridge is not entitled to enhanced damages under 35 U.S.C. § 284 because IP Bridge has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement. IP Bridge has failed to state a claim for willful infringement for failing to identify any pre-suit factual basis that Nokia had actual knowledge of or was willfully blind to the Asserted Patents or Nokia's alleged infringement.
. . .

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Contractual Limitation on Damages - FRAND)

On information and belief, IP Bridge's claims for monetary relief may be limited by its obligation to license the Asserted Patents on fair, reasonable, and non-discriminatory terms.

(Dkt. No. 19 at 21–22).

IP Bridge argues that the Court should strike Nokia's Sixth (Statutory Limitations on Damages), Seventh (No Willful Infringement), and Sixteenth (Contractual Limitations on Damages - FRAND) affirmative defenses because they are merely alleged limitations on damages and fail to provide IP Bridge with fair notice of each respective defense. (Dkt. No. 35 at 7). Regarding Nokia's Sixth defense, IP Bridge asserts that "Section 287[, 286, and 288 are] . . . limitation[s] on damages, and [are] not . . . affirmative defense[s]." (*Id.*) (quoting *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)). IP Bridge similarly argues that "[t]o the extent Nokia's willfulness and FRAND defenses seek to limit the monetary relief that IP Bridge is entitled to, this is an improper limitation on damages" unnecessarily pled as an affirmative defense. (*Id.* at 8). Finally, IP Bridge asserts that Nokia failed to plead any facts to support the respective defenses under the *Woodfield* standard—such as any alleged behavior that purportedly violated IP Bridge's obligation to license the Asserted Patents on FRAND terms. (*Id.* at 8–9).

Nokia notes that this Court has previously declined to strike an affirmative defense stating that "Plaintiff's claims for damages and costs are statutorily limited, at least, by 35 U.S.C. §§ 286, 287, and/or 288" finding that the same provided "reasonable notice . . . of [the Defendant's] contentions." (Dkt. No. 39 at 6); *see also Pers. Audio*, 2014 WL 12618096, *1. Nokia also argues that IP Bridge's reliance on *Arctic Cat* is misplaced because *Arctic Cat* did not "consider[] whether damages-related affirmative defenses should be stricken for failure to meet the Fifth Circuit's 'fair notice' pleading requirement." (Dkt. No. 39 at 7). Instead, Nokia asserts that *Teirstein v. AGA Med. Corp.* applies to the instant Motion because, there, the court denied a Rule 12(f) motion and found that "more particularized allegations regarding limit[s on the plaintiff's] damages [were] not possible at [that] point in the litigation, as [the plaintiff had] not provided any details regarding his damages." No. 6:08-cv-14, 2009 U.S. Dist. LEXIS 125002, at *24 (E.D. Tex. Feb. 13, 2009).

The Court finds Nokia's arguments persuasive and that striking the Sixth, Seventh, and Sixteenth defenses under Rule 12(f) is unwarranted in the instant case. *See Pers. Audio*, 2014 WL 12618096, at *1–2. "[T]he action of striking a pleading should be sparingly used by the courts" and "motion[s] to strike should be granted *only* when the pleading to be stricken has no possible relation to the controversy." *Coney*, 689 F.3d 365, 379 (emphasis added). The Court notes that willful infringement, the applicability of 35 U.S.C. 286–88, and the alleged violation of FRAND obligations clearly have possible connections to the instant case.[4] Further, the Court finds that IP Bridge is not prejudiced by receiving notice of Nokia's contentions that Defendants have not

---

[4] While the Court notes that the striking a pleading under Rule 12(f) is a drastic remedy, in no way are parties excused from complying with the requirements of Federal Rule of Civil Procedure 11. "Thus, a party is not simply permitted to throw every defense imaginable into an answer and 'see what sticks.'" *Pers. Audio*, 2014 WL 12618096, at *2. If newly developed facts lead a party to believe that there is no longer a good faith basis to assert a previously pled claim, counterclaim, or defense, the party should promptly remove it from the case. *Id.*

willfully infringed, that IP Bridge's damages are limited by statute, or that FRAND rates may apply to the Asserted Patents.

### C.    Nokia's Third, Fourth, and Thirteenth Affirmative Defenses

Nokia's Third, Fourth, and Thirteenth Affirmative Defenses state in their entirety:

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

IP Bridge is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused products/instrumentalities or service alleged to infringe those patents, either literally or under the doctrine of equivalents.
. . .

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

IP Bridge's claims are barred, either in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands.
. . .

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

IP Bridge's claims are barred, in whole or in part, by the defense of patent misuse.
. . .

(Dkt. No. 19 at 21–22).

IP Bridge argues that the Court should strike Nokia's Third (Prosecution History Estoppel) defense because it fails to provide IP Bridge with fair notice under the *Woodfield* standard. (Dkt. No. 35 at 11). IP Bridge asserts that "Nokia's defense fails to provide even the most basic information, such as the claims of the Asserted Patents that Nokia contends are limited by the doctrine of prosecution history estoppel, any statements made by the patentees during the prosecution of the applications leading to the Asserted Patents, or why any such statements could somehow give rise to prosecution history estoppel. (*Id.*).

10

In response, Nokia argues that courts in this District have "previously held that an affirmative defense alleging that plaintiff's 'claims were barred, in whole or in part, by the doctrine of prosecution history estoppel' was not insufficient as a matter of law because the doctrine of 'prosecution history estoppel has a particular and limited application.'" (Dkt. No. 39 at 8) (quoting *Teirstein*, 2009 U.S. Dist. LEXIS 125002, at *20–21). Nokia further argues that this Court has previously declined to strike defenses of "prosecution history estoppel and disclaimer" finding that "they provide enough information to prevent [the plaintiff] from being a victim of unfair surprise." (*Id.* at 9); *see also Finalrod IP, LLC v. Endurance Lift Sols., Inc.*, No. 2:20-CV-00189-JRG-RSP, 2020 WL 7222803, at *3 (E.D. Tex. Oct. 30, 2020).

The Court finds that IP Bridge's own argument discounts its claim of unfair surprise and prejudice with respect to Nokia's Third (Prosecution History Estoppel) defense. IP Bridge's recognition that Nokia's defensive strategy may center on "statements made by the patentees during the prosecution of the applications leading to the Asserted Patents" indicates that IP Bridge is "on notice as to the substance of" this defense. (Dkt. No. 32 at 7); *see also Pers. Audio*, 2014 WL 12618096, at *1. Further, the Court declines to exercise the drastic remedy of striking a pleading under Rule 12(f) in the instant case and notes that similarly worded answers have been found to be "adequately pled" to support a prosecution history estoppel defense. *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 701 n.4 (Fed. Cir. 2014) (finding that the wording: "[p]laintiff's claims are barred in whole or in-part by the doctrine[] of . . . estoppel" was sufficient to give notice of prosecution history estoppel under Rule 8(c)); *see also Finalrod*, 2020 WL 7222803, at *3 (declining to strike a similarly worded prosecution history estoppel defense).

IP Bridge further argues that the Court should strike Nokia's Fourth (Equitable Defenses) and Thirteenth (Patent Misuse) affirmative defenses because they fail meet the heighted pleading standard under Federal Rule of Civil Procedure 9(b) for defenses involving allegations of fraud and fail to meet the less strenuous *Woodfield* standard. (Dkt. No. 35 at 9–10). For both Nokia's Fourth (Equitable Defenses) and Thirteenth (Patent Misuse) affirmative defenses, IP Bridge likens Nokia's pleading to a bare-bones, single-sentence pleading which this Court previously struck in *Twin Rivers*. (*Id.* at 7–8) (citing *Twin Rivers*, 2016 WL 7042232, at *1). Further, IP Bridge asserts that "Nokia has not pled a single fact to even permit the Court or IP Bridge to evaluate the basis for its assertion and whether it is based on allegations of fraud or inequitable conduct, thereby failing to satisfy even the basic pleading requirements of Rule 8(a)." (*Id.*).

Nokia responds by asserting that it "has not advanced an unclean hands theory based on fraud or inequitable conduct, so the Rule 9(b) heightened pleading standard cannot apply" to its affirmative defenses. (Dkt. No. 48 at 5 n.6). Nokia does not assert that it has plead any facts supporting its defenses, but rather argues that equitable defenses and patent misuse are "all routinely pled affirmative defenses that a sophisticated party like IP Bridge would have 'sufficient notice to prepare for and contest.'" (Dkt. No. 39 at 8) (quoting *Rogers v. McDorman*, 521 F.3d 381, 387 (5th Cir. 2008)).

The Court agrees with IP Bridge that—with respect to its Fourth (Equitable Defenses) and Thirteenth (Patent Misuse) affirmative defenses—Nokia's single-sentence, bare-bones pleadings that incorporate no additional factual context, background, or allegations fail to meet the *Woodfield* standard. Unlike Ericsson's answer which grounds its assertion of equitable defenses in over three pages of factual allegations (*see* Dkt. No. 19 at 22, 30–34), here, Nokia attempts to claim a broad swathe of affirmative defenses that cover a wide range of possible factual allegations in single,

conclusory sentences, without more. *Compare* (Dkt. No. 23 at 22, 24), *with Twin Rivers*, 2016 WL 7042232, at *1 (striking affirmative defenses and noting that "Defendant's Answer provide[d] a single, conclusory sentence: '[Plaintiff] is barred in whole or in part from asserting the [Asserted Patent] against [Defendant] under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence'"). "[I]n some cases, merely pleading the name of the affirmative defense . . . may be sufficient"—above for example, the affirmative defense of prosecution history estoppel necessarily notifies the Plaintiff that the relevant facts of the defense are statements and materials submitted to the PTO during prosecution. *See Woodfield*, 193 F.3d at 362; *Finalrod*, 2020 WL 7222803, at *3. However, merely stating that "IP Bridge's claims are barred, either in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands" and that "IP Bridge's claims are barred, in whole or in part, by the defense of patent misuse"—without more—leaves IP Bridge with no factual context to frame Nokia's generic allegations as to these defenses. Accordingly, the Court finds that Nokia's Fourth and Thirteen affirmative defenses should be stricken under Rule 12(f).

## IV.     CONCLUSION

For the reasons stated above and based on the record before it, the Court declines to strike Nokia's Third (Prosecution History Estoppel), Fifth (No Equitable Entitlement to Injunctive Relief), Sixth (Statutory Limitations on Damages), Seventh (No Willful Infringement), Eighth (Failure to State a Claim), Fourteenth (Standing), and Sixteenth (Contractual Limitations on Damages - FRAND) affirmative defenses. Accordingly, as to said defenses, IP Bridge's Motion is **DENIED**.

However, the Court finds that Nokia's Fourth (Equitable Defenses) affirmative defense and Thirteenth (Patent Misuse) affirmative defense are not sufficiently explained or supported by the

pleadings. Accordingly, IP Bridge's Motion is **GRANTED** as to Nokia's Fourth and Thirteenth affirmative defenses, and the Court **STRIKES** the same from Nokia's Answer (Dkt. No. 23).

So ORDERED and SIGNED this 6th day of June, 2022.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE