# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, <br><br>　　Plaintiff, <br><br>　　v. <br><br>TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC., <br><br>　　Defendants. | § § § § § § § § § § § § | Case No. 2:21-CV-213-JRG <br>(Lead Case) <br><br>JURY TRIAL DEMANDED |
| GODO KAISHA IP BRIDGE 1, <br><br>　　Plaintiff, <br><br>　　v. <br><br>NOKIA CORPORATION, NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORPORATION, <br><br>　　Defendants. | § § § § § § § § § § § § § § | Case No. 2:21-CV-215-JRG <br>(Member Case) <br><br>JURY TRIAL DEMANDED |

**PLAINTIFF GODO KAISHA IP BRIDGE 1'S OBJECTIONS PURSUANT
TO RULE 72 TO THE
<u>CLAIM CONSTRUCTION ORDER</u>**

In order to preserve its rights for appeal, Plaintiff Godo Kaisha IP Bridge 1 ("IP Bridge") respectfully objects to the Magistrate Judge's construction of certain terms in U.S. Patent No. 8,085,724 ("the '724 Patent") and U.S. Patent No. 8,385,239 ("the '239 Patent") in the June 15, 2022 Claim Construction Order. Dkt. No. 133 ("the Order").

I.  **ARGUMENT**

    A.  **"a plurality of sequences, which are indexed by the indices having consecutive numbers in order of generally increasing to a maximum value and then decreasing, from the maximum value, a required cyclic shift amount according to a sequence number" ('724 Patent, Claims 12 and 18)**

IP Bridge respectfully objects to the Court's construction of this term—specifically "generally increasing"—as indefinite. IP Bridge proposed that the term "generally increasing" would have been understood according to its plain and ordinary meaning by a person of ordinary skill in the art ("POSITA"), in view of the '724 patent's disclosures in Figures 23 and 24, to refer to "something that increases with possible periods of staying the same, but does not decrease." Dkt. No. 69 at 19; Dkt. No. 69-19 at ¶54. As IP Bridge explained, a POSITA would have understood that Figure 23 of the '724 patent discloses required cyclic shift amounts that strictly increase (e.g., increase with each index) to a maximum, and that Figure 24 of the '724 patent illustrates, in contrast, required cyclic shift amounts that increase or remain the same when moving towards the maximum value. Dkt. No. 69 at 20; Dkt. No. 69-19 at ¶¶50-52, 54. As Dr. Akl explained (and Dr. Mahon did not dispute), a POSITA would have understood that Figure 24 illustrates what was meant by "generally increasing" as required by the claims of the '724 patent. *Id.*

The Court's construction that the term is indefinite is based on speculative hypothetical situations that are untethered to the specification or the record evidence. The Court first relies upon a dictionary definition to understand the scope of the term "generally," but such reliance

1

upon extrinsic evidence over the intrinsic evidence, particularly the specification, departs from the framework set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc).  The court additionally cites to Defendants' expert declaration for two potential interpretations of "generally increasing":  "(1) increasing on average over the number of indices, (2) increasing relative to a prior index more often than decreasing relative to a prior index" (citations omitted), but the cited portion of Defendants' expert declaration never recites such interpretations.  Moreover, while certain terms might have multiple interpretations in a vacuum, none of these alternative definitions has any basis in the '724 patent.  Because the intrinsic record establishes identifiable boundaries to the term from the perspective of a POSITA, this term is not indefinite.

> B. **"the aperiodic channel quality indicator report is multiplexed with data transmitted by the mobile terminal"/ "the aperiodic channel quality indicator report is not multiplexed with data transmitted by the mobile terminal" ('239 Patent, Claim 14)**

IP Bridge respectfully objects to the Court's construction of "data" according to its "plain and ordinary meaning," to the extent that it is later argued that the construction somehow does not *exclude control information or control signals*.  Dkt. No. 69 at 24-25.  As the court acknowledges, IP Bridge proposed that the term "data" in the context of the limitations "the aperiodic channel quality indicator report is multiplexed with data transmitted by the mobile terminal" / "the aperiodic channel quality indicator report is not multiplexed with data transmitted by the mobile terminal" of claim 14 be construed as user data, consistent with a prior claim construction of these limitations.  *Id.*  IP Bridge further supported its argument with reference to multiple statements regarding the "present invention" of the '239 patent.

The Court's explanation that the plain meaning of "data" excludes "control information or control signals" is consistent with IP Bridge's construction and the clear disavowal in the '239

patent. But Defendants' expert argues in his expert report that the plain meaning of "data" does not exclude control information or control signals. Proctor Rebuttal Report at ¶¶210-211. The Court's construction clearly says otherwise, but the use of plain and ordinary meaning without any explicit limitation in the construction may lead to a situation where the parties improperly argue over the scope of the limitation in front of the jury.

## II.     CONCLUSION

For the reasons stated herein, IP Bridge respectfully objects to the constructions of the terms discussed above.

Dated: June 28, 2022

Steven Pepe
(NY Bar No. 2810430)
(Eastern District of Texas Member)
Kevin J. Post
(NY Bar No. 4382214)
(Eastern District of Texas Member)
Alexander E. Middleton
(NY Bar No. 4797114)
(Eastern District of Texas Member)
Matthew R. Shapiro
(NY Bar No. 5102017)
(Eastern District of Texas Member)
Lance W. Shapiro
(NY Bar No. 5397955)
(Eastern District of Texas Member)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
steven.pepe@ropesgray.com
kevin.post@ropesgray.com
alexander.middleton@ropesgray.com
matthew.shapiro@ropesgray.com
lance.shapiro@ropesgray.com

Samuel L. Brenner
(MA Bar No. 677812)
(Eastern District of Texas Member)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
samuel.brenner@ropesgray.com

Respectfully submitted,

/s/ *Alexander E. Middleton*
Melissa R. Smith
**GILLAM & SMITH, LLP**
TX State Bar No. 24001351
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

James R. Batchelder
(CA Bar No. 136347)
(Eastern District of Texas Member)
Shong Yin
(CA Bar No. 319566)
(Eastern District of Texas Member)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
james.batchelder@ropesgray.com
shong.yin@ropesgray.com

*Attorneys for Plaintiff*
GODO KAISHA IP BRIDGE 1

4

5

**CERTIFICATE OF SERVICE**

      I certify that counsel of record who are deemed to have consented to electronic service are being served on June 28, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3).

/s/ <i>Melissa R. Smith</i>